**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

NEO CORPORATION, on behalf of itself and on behalf of MINNESOTA METHANE, LLC,

Plaintiffs,

v.

FORTISTAR METHANE, LLC,

Defendant.

Civil No. 01-168 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER**

---

R. Scott Davis, Charles B. Rogers and Janel E. LaBoda, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiffs.

Russel H. Beatie and Curt D. Marshall, BEATIE AND OSBORN LLP, 521 Fifth Avenue, Suite 3400, New York, NY, 10175; and Stephen E. Yoch, FELDHABER LARSON FENLON & VOGT, 601 Second Avenue South, 4200 U.S. Bank Place, Minneapolis, MN, 55402, for defendant.

Plaintiff NEO Corporation ("NEO") and defendant Fortistar Methane, LLC ("Fortistar") each assert, *inter alia*, claims of breach of contract and fraud against one another arising out of the management and operation of Minnesota Methane, LLC ("Minnesota Methane"), an entity in which NEO and Fortistar each own a 50% interest. This lawsuit stems from Fortistar's 1998 purchase of its stake in Minnesota Methane, the negotiations surrounding that purchase, and the resulting agreements governing the

FILED SEP 0 6 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

management and operation of Minnesota Methane. The matter is now before the Court on defendant's motion to transfer the action to the United States District Court for the Eastern District of California and on plaintiff's motion to remand the case to Hennepin County district court for lack of subject matter jurisdiction.[1] Because defendant has not demonstrated that the Eastern District of California is a more convenient forum for this litigation than Minnesota, Fortistar's motion is denied. Further, because a previous ruling of this Court[2] conclusively determined that litigation between these two parties cannot proceed in federal court without Minnesota Methane as a party and joinder of Minnesota Methane divests this Court of subject matter jurisdiction, NEO's motion for remand is granted.

## FACTUAL BACKGROUND

NEO and Fortistar are equal owners of Minnesota Methane, a company in the business of generating electricity from methane gas that is released from fifteen different landfill sites across the country. In 1998, Fortistar purchased its 50% interest in Minnesota Methane. The negotiations leading up to that purchase and the documentation resulting from that transaction serve as the basis for the claims of both parties in this lawsuit.

---

[1] Plaintiff also moves for an award of attorney's fees in connection with the motion for remand.

[2] United States District Court Judge Michael J. Davis presiding.

**A. The Parties**

Minnesota Methane is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota. The financial and operational management of Minnesota Methane's facilities occurs in Minnesota.

NEO is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Neither Minnesota Methane nor NEO have California offices, telephone listings, mailing addresses, or bank accounts.

Fortistar is a Delaware limited liability company with its principal place of business in White Plains, New York.

**B. Formation and Management of Minnesota Methane**

Minnesota Methane was originally organized by NEO and Ziegler, Inc. ("Ziegler"), a Minnesota corporation, in 1993. In 1997, Ziegler transferred its 50% interest in Minnesota Methane to its wholly-owned subsidiary, Generation II Locomotives, Inc. ("Generation II"). In order to finance the construction and operation of certain projects, Minnesota Methane obtained a debt facility from Lyon Credit Corporation in September 1997, pursuant to a loan agreement. Lyon is now United Capital HUB ("United Capital"). When Generation II expressed interest in selling its share of Minnesota Methane, United Capital introduced NEO to Fortistar.

Negotiations between Fortistar and NEO began the spring of 1998. The negotiations culminated in the execution of a Purchase and Sale Agreement between NEO, Fortistar, and Generation II on August 31, 1998. The Purchase Agreement

transferred Generation II's interest in Minnesota Methane to Fortistar and provided for a series of agreements between NEO, Fortistar, and Generation II that would govern the operation and management of Minnesota Methane. The closing for the transaction occurred on October 2, 1998, at which time the parties executed an Amended and Restated Operating Agreement ("Operating Agreement") as well as various other agreements.

Pursuant to the Operating Agreement, a NEO representative was appointed as Minnesota Methane's Executive Operating Officer ("EOO") and a Fortistar representative was appointed as Executive Financial Officer ("EFO"). The Operating Agreement also provided for Minnesota Methane to be managed by an Operating Committee consisting of two managers appointed by NEO and two appointed by Fortistar.

**C. Disputes Between NEO and Fortistar**

Shortly after Fortistar's purchase of its 50% interest in Minnesota Methane, disputes arose between NEO and Fortistar concerning the operation of Minnesota Methane. NEO alleges that the EFO, a Fortistar representative, did not appropriately supervise the administration of Minnesota Methane's financial affairs. NEO also alleges that his failures in this regard resulted in Minnesota Methane missing certain financial reporting deadlines in the Operation Agreement, triggering United Capital to send a Notice of Default to Minnesota Methane pursuant to the loan agreement. Fortistar alleges that it was NEO's fraud and poor financial record keeping and reporting that resulted in United Capital sending the Notice of Default.

Pursuant the loan agreement, United Capital required the parties to execute a Waiver of Default Agreement ("Waiver Agreement"), which resulted in the appointment of a Special Advisor who was to undertake some management functions and to provide certain services for Minnesota Methane, including an audit. The Waiver Agreement contemplated that the parties would enter into an agreement establishing an independent third-party management group to oversee the day-to-day operation of Minnesota Methane. On January 16, 2001, the parties entered into a Consulting Services Agreement with Trond Aschehoug, who was to act as an independent contractor to assist Minnesota Methane in establishing management functions. Aschehoug resides in Sacramento, California, and apparently intends to work from a California office.

## PROCEDURAL HISTORY

This is not the first lawsuit between these parties. Various lawsuits between the two have been commenced in both state and federal courts in Minnesota, New York and California.

On May 4, 2000, Fortistar commenced an action against NEO in the United States District Court for the Southern District of New York[3] alleging, *inter alia*, breach of contract, common-law fraud, and breach of warranty arising out of the same negotiations and resulting documentation that are the subject of the current litigation. In June of 2000,

---

[3] That litigation was captioned, *Fortistar Methane LLC v. NEO Corporation*, Case No. 00 Civ. 3403.

NEO filed a motion to transfer venue to the United States District Court for the District of Minnesota. The New York court granted NEO's motion and transferred the litigation to this district.

Once the action was transferred to Minnesota, NEO moved to dismiss Fortistar's lawsuit for failure to join an indispensable party, Minnesota Methane, and for failure to state a claim upon which relief could be granted. Judge Davis granted NEO's motion to dismiss the case for failure to join Minnesota Methane.[4] Judge Davis concluded that Minnesota Methane was an indispensable party pursuant to Federal Rule of Civil Procedure 19(b), but that its joinder would defeat diversity jurisdiction. Judge Davis therefore granted the motion noting that Fortistar could refile its case in state court.

The current litigation was initiated in Hennepin County district court by NEO on January 8, 2001. The Complaint alleges claims against Fortistar for, *inter alia*, breach of contract and fraudulent misrepresentation arising out of the management and operation of Minnesota Methane after Fortistar's 1998 purchase. NEO also asserts derivative claims on behalf of Minnesota Methane. Fortistar counterclaimed alleging the same breach of contract, breach of warranty, and common-law fraud claims that it initially brought in the Southern District of New York. Fortistar then removed the case to this Court on January 29, 2001, based on diversity jurisdiction.

---

[4] Judge Davis also granted NEO's motion to dismiss Fortistar's claim for violation of § 10b-5 of the Securities and Exchange Act of 1934.

One day after removing the case to this Court, Fortistar filed another action against NEO in Sacramento County Superior Court.[5] The allegations in that case mirrored its claims in this lawsuit, although claims for negligent misrepresentation and punitive damages were added. In a March 20, 2001 order, the Superior Court of California dismissed Fortistar's lawsuit, finding that there was no direct connection between the parties and issues in that case and the State of California.

## DISCUSSION

There are currently two motions before the Court: Fortistar's motion to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a) and NEO's motion to remand the case to Hennepin County district court. Because defendant has not demonstrated that transfer is warranted pursuant to 28 U.S.C. § 1404(a), Fortistar's motion is denied. NEO's motion to remand the case to Hennepin County district court is granted as the existence of Minnesota Methane as a party is required and divests this Court of subject matter jurisdiction.

### A. Fortistar's Motion to Transfer Venue

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer motions are not to be freely granted and the party seeking transfer bears a heavy burden of demonstrating that the

---

[5] That case was captioned, *Fortistar Methane LLC v. NEO Corp.*, Case No. 01AS00591.

balance of factors strongly favors transfer. *Radisson Hotels Int'l., Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). The Court is to consider three factors in deciding whether to transfer venue: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Id.* Here, Fortistar has not demonstrated that any one of the three factors weigh in favor of transfer to the Eastern District of California.

**1. Convenience of the Parties**

Fortistar argues that the convenience of the parties favors transfer to California because the office of the independent management team for Minnesota Methane is located in Sacramento, California. Fortistar also argues that the records and financial statements of Minnesota Methane, which form the basis of this litigation, will be located in Sacramento, California in a matter of weeks.

Fortistar has failed to demonstrate that California would provide a more convenient forum for the parties involved in this litigation. Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting transfer. *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1401 (D. Minn. 1991). In essence, that is what Fortistar seeks to do here. None of the parties to the litigation are California entities or have their principal place of business in California. Neither NEO nor Minnesota Methane have California offices, telephone numbers or addresses. Fortistar is a Delaware LLC with its principal place of business in New York. Fortistar has not even affirmatively indicated that it has an office in California. The Court cannot see how

California would provide **any** of the parties with a more convenient forum. A California venue would simply require all parties to spend needless time and resources traveling significant distances to litigate this case.

The mere fact that the independent third-party consultant, now managing day-to-day operations of Minnesota Methane, resides in California is not a persuasive reason to transfer this action. Mr. Aschehoug is not a party to this litigation. In addition, NEO challenges Fortistar's assertion that many of the relevant documents are or will be located in California. Fortistar simply has not demonstrated that California is in any way a **more** convenient venue for this litigation than Minnesota. Accordingly, this factor weighs against transfer.

**2. Convenience of Witnesses**

Fortistar also argues that the convenience of witnesses favors transfer. It maintains that the independent consultant is located in California and that several of Minnesota Methane's facilities are located in California. Fortistar also argues that Randy Chapman, the key NEO employee for operation of the gas companies, is located in California. However, Fortistar has failed to provide the Court with a detailed list of witnesses who are located in or near California.

The party seeking transfer must clearly specify the essential witnesses that are to be called and must make a general statement of what their testimony will be. *Nelson*, 759 F. Supp. at 1402. Fortistar has clearly failed to make this required showing. It has not provided the Court with any documentation concerning the likely witnesses to be called

in this case, where they are located, and the scope of their testimony.[6] Because Fortistar has not provided the Court with any evidence to indicate that transfer to California would be more convenient for the witnesses, this factor too weighs against transfer.

### 3. Interests of Justice

In its initial moving papers, the only argument that Fortistar advanced concerning the "interests of justice" factor was that it had commenced a similar action against NEO and Minnesota Methane in California state court. However, that lawsuit has since been dismissed by the California Superior Court. Having raised no other argument to suggest that the interests of justice favor transfer to the Eastern District of California, the Court finds that this factor does not weigh in favor of transfer.

### 4. Balancing of Factors

Fortistar has failed to demonstrate that the convenience of the parties, the convenience of the witnesses, or the interests of justice strongly favor transfer to the Eastern District of California. Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is therefore denied.

---

[6] NEO argues in its brief that the representatives of NEO and Generation II who have knowledge of the negotiations between the parties are located in Minnesota, while the Fortistar representatives with knowledge of the negotiations are in New York. NEO also provided the Court with affidavit testimony that seven NRG employees with knowledge of issues concerning Minnesota Methane's books and records are located in Minnesota as well as individuals from PriceWaterHouseCoopers, who were involved in the preparation of Minnesota Methane's audits. NEO also submits that none of the four representatives of the Operating Committee are located in California. This testimony is unrebutted by Fortistar.

**B. NEO's Motion to Remand the Case to Hennepin County District Court**

Also before the Court is NEO's motion to remand this action to Hennepin County district court. NEO argues that Minnesota Methane is an indispensable party whose presence destroys diversity jurisdiction and that Judge Davis' ruling in the prior litigation between the parties is conclusive on this issue. In response, Fortistar argues that Minnesota Methane has not been named as a party in this litigation and that as a result NEO does not truly believe that Minnesota Methane is an indispensable party. It argues that rather than remand the case, the Court should transfer the case to the Eastern District of California. The Court grants plaintiff's motion to remand the case to Hennepin County district court, finding that Judge Davis' ruling that the case cannot proceed in federal court without Minnesota Methane as a party and that any attempt to join them as a party divests the Court of subject matter jurisdiction is conclusive in this action.

28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Peterson v. BASF Corp.*, 12 F. Supp. 2d 964, 968 (D. Minn. 1998). The burden of establishing federal subject matter jurisdiction is on the party opposing remand. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The Court must resolve all doubts in favor of remand to state court. *Id.* Given the procedural posture of this litigation, these standards require that the Court remand the case to Hennepin County district court.

"Under the doctrine of collateral estoppel . . . the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually

litigated and necessary to the outcome of the first action." *Haley v. Retsinas*, 138 F.3d 1245, 1248 (8th Cir. 1998) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Four requirements must be met in order to find that a party is collaterally estopped in the current action: (1) the issue must be identical to that involved in the prior proceeding; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Id.* (citing *Farmland Indus. Inc. v. Morrison-Quirk Grain Corp.*, 987 F.2d 1335, 1339 (8th Cir. 1993)).

The issue in the instant litigation is identical to the issue resolved by Judge Davis in the prior litigation between the two parties: that the litigation cannot proceed in federal court without Minnesota Methane as a party. Judge Davis already ruled on this issue, concluding that the litigation between NEO and Fortistar involving the operation and management of Minnesota Methane cannot proceed without Minnesota Methane as a party.[7] Judge Davis also found in the prior litigation that the joinder of Minnesota Methane would necessarily defeat diversity jurisdiction, thereby divesting the Court of subject matter jurisdiction.[8]

Not only do the two actions involve the identical issue, but the issue was actually litigated in the prior proceeding. The parties fully briefed the issue and made extensive

---

[7] Judge Davis explained that in order to protect Minnesota Methane's financial and managerial interests, it must be joined as a party in the action between Fortistar and NEO.

[8] As noted above, Minnesota Methane as an LLC is a citizen of the states of all of its members. It is therefore a citizen of Minnesota and New York. Joining Minnesota Methane as either a plaintiff or defendant would therefore make the parties nondiverse.

argument before Judge Davis on this issue. Additionally, the issue was determined by a valid and final judgment of the Court on January 19, 2001.[9] Finally, the determination of the issue was essential to the prior judgment. It was the very resolution of this issue that caused Judge Davis to dismiss the case. Because the four requirements of collateral estoppel are present in this case, the previous determination by Judge Davis that the action between NEO and Fortistar cannot proceed in federal court without Minnesota Methane as a party and that joinder of Minnesota Methane would defeat diversity jurisdiction is conclusive in this case. Because any attempt to join Minnesota Methane as a party divests the Court of subject matter jurisdiction, the appropriate forum, as made very clear by Judge Davis in his January 19, 2001 order, is Minnesota state court.[10] The case is therefore remanded to Hennepin County district court.

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Fortistar Methane LLC's motion for transfer of venue [Docket No. 2] is **DENIED.**

2. NEO Corporation's motion to remand to state court for lack of subject matter jurisdiction and for attorney's fees [Docket No. 8] is **GRANTED.**

---

[9] The judgment was docketed on January 22, 2001.

[10] The Court notes the troubling conduct of defendant in attempting to remove this case in the face of a clear order from Judge Davis. Accordingly, plaintiff's motion for attorney's fees in connection with having to bring this motion is granted pursuant to 28 U.S.C. § 1447(c).

3. Within thirty (30) days of this Order, NEO Corporation shall submit an affidavit setting forth the attorney's fees and costs it incurred in connection with defendant's removal.

DATED: Sept 6, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500