**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

NEO CORPORATION, a Minnesota corporation on behalf of itself and on behalf of Minnesota Methane, LLC,

Plaintiff,

v.

FORTISTAR METHANE, LLC,

Defendant.

Civil No. 01-168 (JRT/FLN)

**ORDER FOR ATTORNEYS' FEES AND COSTS**

---

R. Scott Davies, Charles B. Rogers and Janel E. LaBoda, BRIGGS AND MORGAN, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for plaintiffs.

Russel H. Beatie and Curt D. Marshall, BEATIE AND OSBORN LLP, 521 Fifth Avenue, Suite 3400, New York, NY, 10175; and Stephen E. Yoch, FELHABER LARSON FENLON & VOGT, 21 Minnesota World Trade Center, 30 East Seventh Street, St. Paul, MN 55101-4901, for defendant.

On September 6, 2001, this Court granted plaintiff NEO Corporation's motion to remand to state court for lack of subject matter jurisdiction and for attorneys' fees. *See Neo Corp. v. Fortistar Methane, LLC*, Civ. No. 01-168, 2001 WL 1640061 (D. Minn. Sept. 6, 2001). The Court ordered plaintiff to submit an affidavit setting forth the attorneys' fees and costs it incurred in connection with defendant's removal. Plaintiff

FILED JUN 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JUN 1 6 2003
DEPUTY CLERK

timely notified the Court that it would rely on an affidavit of costs and fees submitted prior to the Court's remand order. (*See* LaBoda 5/16/01 Aff.) This affidavit seeks a total award in the amount of $29,831.76. Defendant relies upon its response brief, which was also filed before the Court's remand order. The bulk of defendant's brief argues that the Court should not grant plaintiff's motion for fees, and is thus moot. The only remaining valid contention is that plaintiff's requested fees are excessive.

This Court has authority to award attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has examined plaintiff's affidavit, which sets forth in sufficient detail the work performed, the time spent, and the costs incurred as a result of defendant's removal. The Court finds that all the work detailed in the affidavit was necessary and reasonable in connection with the remand, and that the costs were just. The Court further finds that the rates and amounts charged by plaintiff's counsel were reasonable and consistent with the fees for similar services in this legal market.

Therefore, based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), plaintiff NEO Corporation is awarded attorneys' fees and costs in the amount of $29,831.76.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 16, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge